

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

DNL:CNKohl  
DJ # CD-NEW

Tel: 202-514-4027  
Fax: 202-307-2551  
christine.kohl@usdoj.gov

October 9, 2013

BY E-MAIL

Michael E. Gans, Clerk  
U.S. Court of Appeals for the Eighth Circuit  
Attention: Ms. Lisa Tobias, Case Manager  
111 South 10th Street, Room 24.329  
St. Louis, MO 63102

Re: Hammer, et al. v. Sam's East, Inc., et al., Nos. 12-3724 & 12-3858

Dear Mr. Gans:

The United States is not a party to the above-referenced appeal, which was argued on September 25, 2013, before the Honorable Judges Riley, Bright, and Bye. However, on October 7, the government learned, for the first time, that one of the issues before the Court in this case raises a question concerning the constitutionality of certain provisions of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. §§ 1681c(g)(1), 1681n(a). See Appellees'/Cross-Appellants' Supplemental Briefing (filed Sept. 20, 2013) at 2; Oral Argument Audio (Sept. 25, 2013) at 26:30-27:20. A party is required to "give written notice to the circuit clerk * * * as soon as [a] question [about the constitutionality of an Act of Congress] is raised," after which "[t]he clerk must then certify that fact to the Attorney General." Fed. R. App. P. 44(a); see 28 U.S.C. § 2403(a). It appears that this mandatory procedure was not followed in this case; rather, the government learned of the constitutional challenge to FACTA by happenstance.

Under 28 U.S.C. § 2403(a), the United States has a right to intervene "[i]n any action * * * wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question." If the United States exercises its right to intervene, it has "all the rights of a party * * * for a proper presentation of the facts and law relating to the question of constitutionality." Only the Solicitor General can authorize the federal government's participation in a court of appeals and determine its position respecting the constitutionality of federal statutes. See 28 C.F.R. §§ 0.20(c), 0.21. Obtaining Solicitor General authorization is a time-consuming, deliberative process that requires consultation with the affected agency, other agencies that may

be potentially affected, and various Department of Justice components. Moreover, on September 30, 2013, the appropriations act that had been funding the Department of Justice expired, and appropriations to the Department lapsed. The Department does not know when funding will be restored by Congress. Absent an appropriation, Department of Justice attorneys (and attorneys at some other agencies as well) are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.[1]

Nevertheless, we appreciate that this appeal has been fully briefed and argued, and we want to minimize any disruption in the disposition of this case, as well as any inconvenience to the Court and the parties. Thus, the purpose of this letter is to advise the Court that the Solicitor General expects to decide whether the United States will exercise its right to intervene in this matter by October 30, 2013, and we will notify the Court and the parties of his decision on that date or the following day. If the government decides to intervene, it proposes to file its brief by November 20, 2013.

We would appreciate the distribution of this letter to Judges Riley, Bright, and Bye at your earliest convenience. Thank you for your assistance and attention to this matter.

Sincerely,

s/ *Douglas N. Letter*
Douglas N. Letter
Director, Appellate Staff
Civil Division

s/ *Christine N. Kohl*
Christine N. Kohl
Attorney, Appellate Staff
Civil Division

cc (by e-mail):
    R. Frederick Walters, Esq.
    Karen Wedel Renwick, Esq.
    Matthew R. Crimmins, Esq.
    Pratik Shah, Esq.
    James R. Eiszner, Esq.
    Rebecca J. Schwartz, Esq.

---

[1] Undersigned counsel for the United States, Christine Kohl, is currently furloughed, but has been "excepted" for the limited purpose of submitting this letter to the Court.