

**PRATIK A. SHAH**
+1 202.887.4210/fax: +1 202.887.4288
pshah@akingump.com

October 10, 2013

VIA ELECTRONIC FILING

Michael E. Gans, Clerk
U.S. Court of Appeals for the Eighth Circuit
111 South 10th Street, Room 24.329
St. Louis, MO 63102

      Re: <u>Hammer v. Sam's East, Inc.</u>, Nos. 12-3724 & 12-2858

Dear Mr. Gans:

      This appeal concerns claims by Appellants/Cross-Appellees brought under the Fair and Accurate Credit Transactions Act (FACTA), 15 U.S.C. §§ 1681c(g)(1), 1681n(a). In response to the Court's *sua sponte* request for supplemental briefing, Appellees/Cross-Appellants argued (i) that Appellants/Cross-Appellees lacked Article III standing because they had suffered no injury apart from the violation of the Act, and (ii) that, pursuant to the canon of constitutional avoidance, FACTA Section 1681n(a) should be construed to require a showing of actual damages. Following oral argument, the United States, by letter dated October 9, 2013, advised the Court that it is considering whether to intervene in this matter under 28 U.S.C. § 2403(a).

      To avoid interruption of these proceedings, the Court should consider, as an alternative to allowing immediate government intervention, certifying a copy of its opinion to the Attorney General and permitting a motion for rehearing by the government should intervention be deemed appropriate at that juncture. *See Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 805, 810 n.3 (11th Cir. 1988); *Jones v. City of Lubbock*, 727 F.2d 364, 372 (5th Cir. 1984); *Thatcher v. Tennessee Gas Transmission Co.*, 180 F.2d 644, 648 n.7 (5th Cir. 1950); *see also Slavin v. Morgan Stanley & Co., Inc.*, 791 F. Supp. 327, 332 (D. Mass. 1992); *Rhinebarger v. Orr*, 657 F. Supp. 1113, 1116 n.1 (S.D. Ind. 1987). Such a procedure is particularly appropriate if the Court is inclined to resolve the appeal on either of the two grounds proposed by Appellees/Cross-Appellants, in which case there would be no question about "the constitutionality of any Act of Congress." 28 U.S.C. § 2403(a); *see Thatcher*, 180 F.2d at 648 n.7 (declining to defer issuance of opinion pending government intervention because court of appeals was "of the opinion that the said Act is constitutional"). As to the first, a finding that Appellants/Cross-Appellees lack standing in the absence of an injury-in-fact would not implicate the constitutionality of FACTA. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("The purpose of § 2403(a), ensuring that courts not rule on the constitutionality of an Act of Congress without first receiving input from the United States, would not be implicated where a court dismissed an action for lack of plaintiff's own Article III standing."); *see also Stauffer v. Brooks Bros., Inc.*, No. 08-cv-

Robert S. Strauss Building | 1333 New Hampshire Avenue, N.W. | Washington, D.C. 20036-1564 | 202.887.4000 | fax 202.887.4288 | akingump.com

Appellate Case: 12-3858    Page: 1    Date Filed: 10/10/2013 Entry ID: 4084911



Michael E. Gans, Clerk
October 10, 2013
Page 2

10369(SHS), 2012 WL 6621374, at *1 (S.D.N.Y. Dec. 19, 2012) ("[A]bsent standing, the constitutionality of the statute was not, and could not be, in question pursuant to * * * 28 U.S.C. § 2403(a)."). As to the second, a holding that construes Section 1681n(a) as requiring a showing of actual damages would avoid any concern about the provision's constitutionality.

In the event the Solicitor General authorizes intervention and the Court permits the government to file a supplemental brief, Appellees/Cross-Appellants respectfully request that the government's brief be limited to 10 pages—the same limitation imposed on the parties by the Court's Supplemental Briefing Order. Appellees/Cross-Appellants further request that they be afforded an opportunity to respond to any government brief within 10 days, with their submission not to exceed 5 pages.

Respectfully submitted,

Pratik A. Shah
*Counsel for Appellees/Cross-Appellants*



Michael E. Gans, Clerk
October 10, 2013
Page 3

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I further certify that the foregoing was served electronically and by First Class Mail on:

Douglas N. Letter
Director, Appellate Staff
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530-0001
douglas.letter@usdoj.gov

Christine N. Kohl
Attorney, Appellate Staff
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530-0001
christine.kohl@usdoj.gov

/s Pratik A. Shah

*Counsel for Appellees/Cross-Appellants*