

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

DNL:CNKohl  Tel: 202-514-4027
DJ # CD-NEW  Fax: 202-307-2551
christine.kohl@usdoj.gov

October 11, 2013

BY E-MAIL

Michael E. Gans, Clerk
U.S. Court of Appeals for the Eighth Circuit
Attention: Ms. Lisa Tobias, Case Manager
111 South 10th Street, Room 24.329
St. Louis, MO 63102

     Re: <u>Hammer, et al. v. Sam's East, Inc., et al., Nos. 12-3724 & 12-3858</u>

Dear Mr. Gans:

     By letter dated October 9, 2013, in the above-referenced appeal, the United States advised the Court that it had just learned that appellees' arguments, in response to questions posed by the Court, had "drawn in question" the constitutionality of certain provisions of the Fair and Accurate Credit Transactions Act, but that the required procedure for bringing such a matter to the Attorney General's attention had not been followed. 28 U.S.C. § 2403(a); see Fed. R. App. P. 44(a). Under those provisions, the United States has a *right* to intervene. "In any action * * * wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court * * * *shall permit* the United States to intervene * * * for argument on the question of constitutionality," and "[t]he United States shall * * * have all the rights of a party * * * for a proper presentation of the facts and law relating to the question of constitutionality." 28 U.S.C. § 2403(a) (emphasis added). The government accordingly stated further that it would notify the Court and the parties no later than October 31, 2013, of the Solicitor General's determination whether to intervene in this matter, and, if intervention is authorized, the United States would file its brief by November 20, 2013.

     Despite the command of 28 U.S.C. § 2403(a) and appellees' arguments drawing into question the constitutionality of certain provisions of federal law, appellees now suggest that the government await the outcome of this case and then seek to intervene and move for rehearing at that time, if necessary. Letter to the Clerk from Pratik Shah (Oct. 10, 2013). According to appellees, the Court could decide this case on grounds that would not implicate the constitutionality of the statute. *Ibid*. Appellees' suggestion, however, is unacceptable to the United States, given the government's statutory right to intervene. Moreover, the "issues related to Article III standing," raised *sua sponte* by the Court's September 12, 2013, order, are issues in

which the United States has a substantial interest and on which it has filed briefs in cases involving statutes similar to that involved here.[1] Finally, having the views of all affected parties *before* it renders its decision would serve the Court's interest and would avoid disruption of this proceeding at the eleventh hour.[2]

If the government decides to intervene in this appeal on the Article III issue, it will limit its brief to ten pages, in accordance with the Court's September 12 order.

We would appreciate the distribution of this letter to Judges Riley, Bright, and Bye at your earliest convenience. Thank you for your assistance and attention to this matter.

Sincerely,

s/ *Douglas N. Letter*
Douglas N. Letter
Director, Appellate Staff
Civil Division

s/ *Christine N. Kohl*
Christine N. Kohl
Attorney, Appellate Staff
Civil Division

cc (by e-mail):
R. Frederick Walters, Esq.
Karen Wedel Renwick, Esq.
Matthew R. Crimmins, Esq.
Pratik Shah, Esq.
James R. Eiszner, Esq.
Rebecca J. Schwartz, Esq.

---

[1] See *Charvat v. Mut. First Fed. Credit Union*, 725 F.3d 819 (8th Cir. 2013); *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753 (3d Cir. 2009); *Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979 (6th Cir. 2009). See also Brief for United States as Amicus Curiae, *First Am. Fin. Corp. v. Edwards*, 132 S. Ct. 2536 (2012) (*dismissing pet. for cert. as improvidently granted*) (No. 10-708), 2011 WL 4957380.

[2] We are unaware of any precedent that would support appellees' suggestion in the circumstances here, where the government has notified the Court of its potential intervention at the earliest possible time, before the Court has rendered its decision. The appellate decisions cited in appellees' October 10 letter involved the very different situation in which the appellate court itself realized, after reaching its decision, that the district court had failed to invoke the procedure required by 28 U.S.C. § 2403(a). Given the late stage of those proceedings, the courts *sua sponte* authorized the government to seek rehearing, in order to protect the government's rights in any further review. Indeed, the cited cases emphasize the mandatory nature of 28 U.S.C. § 2403(a) and support allowing the United States time to consider intervention now.

Appellate Case: 12-3858     Page: 2     Date Filed: 10/11/2013 Entry ID: 4085212