October 14, 2013

**Via Electronic Filing**
Michael E. Gans
Clerk of the Court
US Court of Appeals for the Eighth Circuit
Thomas F. Eagleton US Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

      RE:    **Steven Hammer, et al. v. Sam's East, Inc. et al;**
                 **Case Nos. 12-3724 and 12-3858**

Dear Mr. Gans:

On October 10, 2013, Appellees/Cross-Appellants Sam's East, Inc., et al wrote to urge that the Court deny the United States its right to intervene in this action "to avoid interruption of these proceedings." Specifically, Sam's urged the Court to issue its ruling on this appeal, including the constitutional questions posed by the Court, without the benefit of hearing from the United States. Appellants/Cross-Appellees Steven Hammer and Michael White respectfully submit that Appellees' position is untenable. As the United States has pointed out in its letter of October 11, 2013, this Court is without discretion to disallow intervention.

28 U.S.C. § 2403(a) provides that if "the constitutionality of any Act of Congress affecting the public interest is drawn in question" the Court "shall permit the United States to intervene…". While Mr. Shah, counsel for Appellees, implies in his letter that the constitutionality of 15 U.S.C. § 1681n has not been "drawn in question" in this appeal, his argument to the Court would say otherwise. Specifically, Mr. Shah argued that if this Court adopts a literal reading of the Fair Credit Reporting Act and holds that proof of actual damages are not required (as every other court to consider it has read it) "then this Court would have to resolve the constitutional question as to whether that private right of action violated Article III." *See* Oral Argument Audio (Sept. 25, 2013) at 26:30. Mr. Shah noted that "I don't think anyone could seriously dispute that that would present a serious constitutional question…" *Id.* Now, however, Appellees ask the Court to deny the United States its right to intervene to state its position on this "serious constitutional question." Per statute, the Court does not have the discretion to deny this request. *See* 28 U.S.C. § 2403(a).

28 U.S.C. § 1403(a), which permits the United States to intervene in cases where the constitutionality of Acts of Congress are drawn in question, "protects the public interest by ensuring that the Executive Branch can make its views on the constitutionality of federal statutes

heard." *State of Oklahoma v. Pope*, 516 F.3d 1214, 1216 (10th Cir. 2008); *see also Means v. Navajo Nation*, 432 F.3d 924 (9th Cir. 2005) (withdrawing submission of case to allow intervention by the United States). Here, it is particularly important that the United States be allowed to present its views on the constitutionality of 15 U.S.C. § 1681n, as this statutory damages scheme (which provides for the recovery of actual damages or statutory damages "of not less than $100 and not more than $1,000) is virtually identical to many other statutes, such as the Electronic Funds Act, the anti-wiretapping statute, or the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1693m(a); 18 U.S.C. § 1520(c)(A); 15 U.S.C. § 1692k(a).

Appellees' argument to the Court is that while Congress can create statutory rights, such rights cannot be enforced by the courts without independent proof of actual harm. *See* Appellees' Supplemental Brief, at 3; *but see Charvat v. Mutual First Federal Credit Union*, --- F.3d ---, 2013 WL 3958300, *3 (8th Cir. Aug. 2, 2013); *Beaudry v. TeleCheck Services, Inc.*, 579 F.3d 702, 705 (6th Cir. 2009); *Bateman v. American Multi-Cinema, Inc.*, 623 F.3d 708, 719 (9th Cir. 2010). Adopting such a position would have extremely significant constitutional implications. In effect, this would mean that Congress is without the ability to legislate statutorily-defined injuries or craft statutory remedies for problems where the harms are difficult to prove. If this argument is adopted, it would have severe repercussions for not only the Fair Debt Collection Practices Act, but virtually any other statutory scheme where Congress has provided for statutory damages. It is important that the United States be allowed to state its views on this important question prior to a ruling by this Court. As such, Appellants Hammer and White respectfully submit that the United States must be permitted to intervene in this matter. Should the United States intervene, Appellees have sought leave to respond. Appellants Hammer and White respectfully request leave to file a short reply to any further briefing by the Appellees, within 10 days after the filing of Appellees' brief, with the submission not to exceed 5 pages.

Respectfully submitted,

WALTERS BENDER STROHBEHN
 & VAUGHAN, P.C.


*/s/ R. Frederick Walters*

R. Frederick Walters
fwalters@wbsvlaw.com

**Counsel for Appellants**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of October 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I further certify that the foregoing was served electronically and by First Class Mail on:

Douglas N. Letter
Director, Appellate Staff
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530-0001
douglas.letter@usdoj.gov

Christine N. Kohl
Attorney, Appellate Staff
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave, N.W.
Washington, D.C. 20530-0001
christine.kohl@usdoj.gov

*/s/ R. Frederick Walters*