No. 12-3724 (consolidated with No. 12-3858)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**STEVEN E. HAMMER and MICHAEL D. WHITE,**
individually and on behalf of all others similarly situated,
*Plaintiffs-Appellants,*

v.

**SAM'S EAST, INC.,** doing business as SAM'S CLUB, et al.,
*Defendants-Appellees.*

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

## BRIEF FOR INTERVENOR THE UNITED STATES
## IN RESPONSE TO THE COURT'S QUESTIONS CONCERNING STANDING

STUART F. DELERY
  *Assistant Attorney General*

TAMMY DICKINSON
  *United States Attorney*

MICHAEL JAY SINGER
  (202) 514-5432
CHRISTINE N. KOHL
  (202) 514-4027
  *Attorneys*
  *U.S. Department of Justice*
  *Civil Division, Appellate Staff*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530-0001*

Appellate Case: 12-3858     Page: 1     Date Filed: 11/22/2013 Entry ID: 4099013

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND INTEREST OF THE
    UNITED STATES ..................................................................................................1

    A.    Statutory Background..................................................................................1

    B.    Factual And Procedural Background..........................................................1

    C.    The Interest Of The United States...............................................................2

ARGUMENT.......................................................................................................................3

    I.    A Consumer Who Alleges A Violation Of FACTA's
        Truncation Provision, But Does Not Allege Actual
        Damages Due To That Violation, Has Suffered
        Sufficient Injury-In-Fact To Confer Article III
        Standing......................................................................................................3

    II.    FCRA Authorizes Statutory Damages In The Absence
        Of Proof Of Actual Damages; Thus, A Statutory Injury
        Is Redressable ............................................................................................7

CONCLUSION ............................................................................................................... 10

CERTIFICATE OF COMPLIANCE

VIRUS-SCAN CERTIFICATE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORIEIES

**Cases:**

*Alston v. Countrywide Fin. Corp.*, 585 F.3d 753 (3d Cir. 2009) .......................................... 3, 6

*Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010) ........................................ 9

*Beaudry v. Telecheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009),
  *cert. denied,* 559 U.S. 1092 (2010) ............................................................................... 6, 8

*Carey v. Piphus*, 435 U.S. 247 (1978) ..................................................................................... 4

*Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979 (6th Cir. 2009) ..................................... 3, 6

*Charvat v. Mut. First Fed. Credit Union*, 725 F.3d 819
  (8th Cir. 2013) ........................................................................................................ 3, 5, 6, 7

*Doe v. Chao*, 540 U.S. 614 (2004) ......................................................................................... 10

*Dowell v. Wells Fargo Bank, NA*, 517 F.3d 1024
  (8th Cir. 2008) ........................................................................................................... 2, 7-8

*Dryden v. Lou Budke's Arrow Fin. Co.*, 630 F.2d 641
  (8th Cir. 1980) ..................................................................................................................... 7

*Edwards v. First Am. Corp.*, 610 F.3d 514 (9th Cir. 2010),
  *cert. dismissed,* 132 S. Ct. 2536 (2012) ............................................................................. 6

*FEC v. Akins*, 524 U.S. 11 (1998) ............................................................................................ 7

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) ....................................................... 4-5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ........................................................... 2, 5

*Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7th Cir. 2006) ..................................... 9-10

*Ramirez v. Midwest Airlines*, 537 F. Supp. 2d 1161 (D. Kan. 2008) .................................. 6, 8

*Robey v. Shapiro, Marianos & Cejda, LLC*, 434 F.3d 1208
 (10th Cir. 2006) ...........................................................................................6

*Safeco Ins. Co. v. Burr*, 551 U.S. 47 (2007) ................................................ 9, 10

*Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26 (1976) ........................2

*Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269 (2008) ....................3

*Warth v. Seldin*, 422 U.S. 490 (1975) ...............................................................3

**United States Constitution:**

Art. III .............................................................................2, 3, 4, 5, 6, 7, 10

**Statutes:**

Fair and Accurate Credit Transactions Act of 2003,
 Pub. L. No. 108-159, 117 Stat. 1952 .........................................................5

 § 113 ...........................................................................................................1

Fair Credit Reporting Act, Pub. L. No. 91-508,
 84 Stat. 1114 (1970) ...................................................................................9

 15 U.S.C. § 1681c(g)(1) ....................................................................... 1, 5
 15 U.S.C. § 1681c(g)(2) ....................................................................... 1, 5
 15 U.S.C. § 1681n(a) ......................................................................... 2, 5, 9
 15 U.S.C. § 1681n(a)(1)(A) ......................................................... 1, 2, 7, 8, 10
 15 U.S.C. § 1681n(a)(2) ........................................................................ 1, 2
 15 U.S.C. § 1681n(a)(3) ........................................................................ 1, 2
 15 U.S.C. § 1681*o* ....................................................................................8
 15 U.S.C. § 1681*o*(a)(1) ...........................................................................8

Privacy Act:

 5 U.S.C. § 552a(g)(4)(A) ...........................................................................10

Pub. L. No. 104-208, 110 Stat. 3009 (1996) .....................................................9

28 U.S.C. § 2403(a) ...................................................................................................2

**Legislative Materials:**

S. Rep. No. 108-166 (2003) ......................................................................................6

*H.R. 1015; The Consumer Reporting Reform Act of 1993;*
  *Hearing Before the H. Subcomm. on Consumer Credit*
  *and Insurance of the Comm. on Banking, Finance and*
  *Urban Affairs*, 103d Cong. (1993)......................................................................9

*The Consumer Reporting Reform Act of 1993 – S. 783:*
  *Hearing Before the S. Comm. on Banking, Housing,*
  *and Urban Affairs*, 103d Cong. (1993) .............................................................9

**Miscellaneous:**

Brief for United States as Amicus Curiae, *First Am. Fin.*
  *Corp. v. Edwards*, 132 S. Ct. 2536 (2012)
  (*dismissing pet. for cert. as improvidently granted*)
  (No. 10-708), 2011 WL 4957380........................................................................3

*Restatement (First) of Torts* (1934-1939)...................................................................4

*Sutherland Statutes and Statutory Construction* (7th ed. 2012).............................. 10

# INTRODUCTION AND INTEREST OF THE UNITED STATES

## A. Statutory Background

The Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No. 108-159, § 113, 117 Stat. 1952, 1959, added the "truncation provision" to the Fair Credit Reporting Act ("FCRA"): "[N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number" on any electronically printed receipt "provided to the cardholder at the point of the sale." 15 U.S.C. § 1681c(g)(1), (2)). FCRA provides that "[a]ny person who willfully fails to comply with any requirement imposed [by FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of * * * any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1,000;" punitive damages; attorneys' fees; and costs. *Id.* § 1681n(a)(1)(A), (2), (3) (emphasis added).

## B. Factual And Procedural Background

According to plaintiffs Steven E. Hammer and Michael D. White (collectively, "Hammer"), on several occasions, defendants Sam's East, Inc., et al. (hereinafter "Sam's Club"), gave Hammer electronically printed receipts showing more than the last five digits of his "Sam's Card" (a private label credit card) number. First Am. Compl. ¶¶ 67-77. Alleging that Sam's Club "willfully violated" the truncation provision, *id.* ¶¶ 82-86, Hammer seeks "statutory damages" under 15 U.S.C. § 1681n(a)(1)(A), as well as punitive damages, attorneys' fees, costs, and class

certification, First Am. Compl. at 17. Although Hammer does not seek actual damages, he alleges injury from "willful violations of FACTA" and "an increased risk of identity theft as well as credit and debit card fraud." *Id.* ¶¶ 83, 84.

The district court concluded that Sam's Club violated FACTA, but nevertheless granted it summary judgment, holding that the violation was not willful, as required for liability under 15 U.S.C. § 1681n(a). Order (Oct. 16, 2012) 2-3, 8-9. Hammer appealed, and Sam's Club cross-appealed.

Shortly before oral argument, this Court requested that the parties brief the following issues related to Article III standing:

> 1. Whether the appellants, having alleged no actual damages, "have suffered an 'injury in fact,'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); and
>
> 2. Whether the appellants have suffered an injury "that is likely to be redressed by a favorable decision," *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 38 (1976), in light of *Dowell v. Wells Fargo Bank, NA*, 517 F.3d 1024, 1026 (8th Cir. 2008) ("It does not necessarily follow from [15 U.S.C. § 1681n(a)(1)(A)] that statutory damages are available where a plaintiff fails to prove actual damages.").

## C. The Interest Of The United States

Upon learning of the Article III standing questions posed by the Court and Sam's Club's response (which drew in question the constitutionality of FCRA's civil liability provision, 15 U.S.C. § 1681n(a)(1)(A)), the United States invoked its right to intervene pursuant to 28 U.S.C. § 2403(a). In addition to dispelling any doubt about FCRA's constitutionality, the government's interest in the standing issues raised by the

2

Court is substantial. Numerous similarly-worded federal consumer protection statutes, e.g., the Real Estate Settlement Procedures Act and Electronic Fund Transfer Act, provide statutory damages for violations in the absence of evidence of actual damage. The United States has participated in private party litigation in this and other courts to defend such statutes and the plaintiffs' Article III standing to seek solely statutory damages for alleged violations of those laws.[1] It participates here in order to respond to the two questions posed by the Court.

## ARGUMENT

**I. A Consumer Who Alleges A Violation Of FACTA's Truncation Provision, But Does Not Allege Actual Damages Due To That Violation, Has Suffered Sufficient Injury-In-Fact To Confer Article III Standing.**

**A.** As this Court recently explained, "Congress may * * * create legal rights via statute, the invasion of which can create standing to sue." *Charvat v. Mut. First Fed. Credit Union*, 725 F.3d 819, 822 (8th Cir. 2013) (citing *Warth v. Seldin*, 422 U.S. 490, 500 (1975)). That understanding of Article III is consistent with traditional judicial practice. See *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 274 (2008) ("[H]istory and tradition offer a meaningful guide to the types of cases that Article III empowers federal courts to consider."). For example, in tort law, an "injury" is

---

[1] See *Charvat v. Mut. First Fed. Credit Union*, 725 F.3d 819 (8th Cir. 2013); *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753 (3d Cir. 2009); *Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979 (6th Cir. 2009). See also Brief for United States as Amicus Curiae, *First Am. Fin. Corp. v. Edwards*, 132 S. Ct. 2536 (2012) (*dismissing pet. for cert. as improvidently granted*) (No. 10-708), 2011 WL 4957380.

3

understood to mean "an invasion of a legally protected interest." *Restatement (First) of Torts* § 7 cmt. a (1934-1939). Although "[t]he most usual form of injury is tangible harm," a plaintiff can have an "injury" sufficient to "maintain an action" even when "no harm is done." *Ibid.*; see also *id.* § 902 cmt. a.

Common law courts have thus long entertained suits and awarded "nominal" damages against "a wrongdoer who has caused no harm" if he "has invaded an interest of the plaintiff protected against non-harmful conduct." *Id.* § 907 cmts. a, b. For instance, an owner of real property can bring a trespass action for nominal damages, even if the trespass caused no actual harm. *Id.* §§ 158, 163, 907 cmt. b. "By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed * * *." *Carey v. Piphus*, 435 U.S. 247, 266 (1978).

The Supreme Court's decision in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), illustrates Congress's power to create rights that, if invaded, can confer standing. The Court considered whether "testers" – "individuals who, without an intent to rent or purchase a home or apartment, pose as renters or purchasers for the purpose of collecting evidence of unlawful steering practices" – had Article III standing to sue when they were falsely told that particular housing was unavailable. *Id.* at 373. The Court explained that the Fair Housing Act ("FHA") "conferred on all 'persons' a legal right to truthful information about available housing." *Ibid.* Because an Article III injury can exist "solely" by virtue of "'statutes creating legal rights, the

4

invasion of which creates standing,'" "[a] tester who has been the object of a misrepresentation made unlawful under [the FHA] has suffered injury in precisely the form the statute was intended to guard against." *Ibid.* Thus, a tester who alleged injury to her "statutorily created right to truthful housing information" satisfied the Article III injury-in-fact requirement. *Id.* at 374.

Article III, of course, places meaningful limits on the types of interests Congress may define as judicially enforceable rights. The general public interest in compliance with federal law cannot "be converted into an individual right by a statute that denominates it as such." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 576 (1992). That principle is an aspect of the requirement that a plaintiff must allege and prove a "'concrete and particularized'" injury. *Id.* at 560 n.1.

**B.** FACTA plainly gives consumers the legal right to obtain a receipt, at the point of sale, showing no more than the last five digits of their credit card numbers. 15 U.S.C. § 1681c(g)(1). And FCRA makes a person who willfully violates the truncation provision liable to "that consumer" affected by the truncation violation – not the general public. *Id.* § 1681n(a). FACTA's truncation provision, enforced through FCRA's civil liability provision, is therefore a paradigmatic example of a statute that has "create[d] legal rights * * *, the invasion of which can create standing to sue." *Charvat*, 725 F.3d at 822.

To be sure, Congress enacted FACTA because it wanted "to prevent identity theft," Pub. L. No. 108-159, 117 Stat. 1952, and the truncation requirement is

5

Appellate Case: 12-3858     Page: 10     Date Filed: 11/22/2013 Entry ID: 4099013

specifically is intended "to limit the number of opportunities for identity thieves to 'pick off' key card account information," S. Rep. No. 108-166, at 13 (2003). But Congress did not require that a consumer prove that he is an actual or even a likely victim of identity theft in order to bring a claim. Instead, Congress determined that receipts bearing untruncated credit card numbers posed an unacceptable risk of identity theft and accordingly gave consumers the right not to receive receipts with more than five digits. The invasion of that right is an injury-in-fact that gives rise to standing.[2]

Hammer alleges that Sam's Club violated his FACTA rights when it gave him printed receipts showing more than the last five digits of his Sam's Card number. Under the established precedent of this and other circuits, that alleged statutory violation is an injury-in-fact sufficient to confer Article III standing. *Id.* at 823-24. See *Edwards v. First Am. Corp.*, 610 F.3d 514, 516-18 (9th Cir. 2010), *cert. dismissed,* 132 S. Ct. 2536 (2012); *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 763 (3d Cir. 2009); *Beaudry v. Telecheck Servs., Inc.*, 579 F.3d 702, 707-08 (6th Cir. 2009), *cert. denied*, 559 U.S. 1092 (2010); *Carter v. Welles-Bowen Realty, Inc.*, 553 F.3d 979, 989 (6th Cir. 2009); *Robey v. Shapiro, Marianos & Cejda, LLC*, 434 F.3d 1208, 1211-12 (10th Cir. 2006). See also *Ramirez v. Midwest Airlines*, 537 F. Supp. 2d 1161, 1166 (D. Kan. 2008).

---

[2] Failure to comply with the truncation requirement, of course, also has the potential to cause more serious harm, beyond the improper printing itself, to the victims whom Congress authorized to sue.

It is true that *Charvat* is an "informational standing" case, in which the plaintiff claimed that his injury was the deprivation of certain information to which he was entitled by law – i.e., notice on a bank's ATM that he accessed, advising consumers of a fee for using that ATM. Citing *FEC v. Akins*, 524 U.S. 11, 21, 24-25 (1998), this Court explained that there are "a variety of instances where the denial of a statutory right to receive information is sufficient to establish standing." *Charvat*, 725 F.3d at 823. But the Court went further, invoking its holding, in a case under the Truth in Lending Act, that "plaintiffs need not show actual damages, beyond a statutory violation, in order to recover statutory damages." *Ibid.* (citing *Dryden v. Lou Budke's Arrow Fin. Co.*, 630 F.2d 641, 647 (8th Cir. 1980)). Although *Dryden* did not address Article III standing, the Court found it persuasive in holding that, "[o]nce Charvat alleged a violation of the notice provisions of the EFTA in connection with his ATM transactions, he had standing to claim damages." *Ibid.* Thus, as in *Charvat*, Hammer's alleged statutory violation is sufficient injury-in-fact for standing purposes.

## II. FCRA Authorizes Statutory Damages In The Absence Of Proof Of Actual Damages; Thus, A Statutory Injury Is Redressable.

Under FCRA, any person who "willfully" fails to comply with that statute (including FACTA) is liable to the affected consumer in an amount that includes, *inter alia*, "any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a)(1)(A) (emphasis added). In *Dowell v. Wells Fargo Bank, NA*, 517 F.3d 1024, 1026 (8th Cir.

7

2008), the Court stated:

> It does not necessarily follow from the cited language that statutory damages are available where a plaintiff fails to prove actual damages. A reasonable reading of the statute could still require proof of actual damages but simply substitute statutory rather than actual damages for the purpose of calculating the damage award.

The Court, however, declined to "delve into this issue of statutory construction," because it found that the plaintiffs had failed to present enough evidence of willfulness to avoid summary judgment. *Ibid.*

Although the Court's *dictum* in *Dowell* concerning section 1681n(a)(1)(A) is plausible, the statute overall, its history, and case law support an interpretation that is more consistent with Congress's intent and that allows a consumer to seek statutory damages in the absence of any actual damages. The words "actual" and "sustained by the consumer" in the first clause are powerful, particularly given that the disjunctive statutory damages clause contains no such modifiers. Moreover, FCRA's section imposing liability for *negligent* noncompliance provides for solely "actual damages sustained by the consumer as a result of the [violation]." 15 U.S.C. § 1681*o*(a)(1). In holding that FCRA "permits a recovery when there are no identifiable or measurable actual damages," and, thus, "a claimant need not suffer (or allege) consequential damages to file a claim," the Sixth Circuit found that section 1681*o* buttresses that conclusion. *Beaudry*, 579 F.3d at 705-06. See also *Ramirez*, 537 F. Supp. 2d at 1168.

The limited legislative history of FCRA's statutory damages provision also

8

supports that interpretation. As originally enacted, FCRA authorized only "actual damages sustained by the consumer." Pub. L. No. 91-508, Tit. VI, § 616, 84 Stat. 1114, 1134 (1970). Congress added the clause authorizing statutory damages in 1996. Pub. L. No. 104-208, Tit. II, § 2142(b), 110 Stat. 3009, 3009-446 (1996). During the hearings on the bill that proposed that amendment, consumer advocates urged the authorization of statutory damages to relieve consumers of having to prove actual damages and to provide businesses with more incentive to comply with the law's requirements.[3] See *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010) (FCRA's statutory damages provision deters businesses from willfully violating the statute, "even where no actual harm results").

Finally, at least two courts have assumed that FCRA authorizes an award of statutory damages in the absence of proof of actual injury. See, e.g., *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 53, 54 (2007) (plaintiff "claimed no actual harm," but sought statutory damages under section 1681n(a) for alleged FCRA violation); *Murray v.*

---

[3] See *The Consumer Reporting Reform Act of 1993 – S. 783: Hearing Before the S. Comm. on Banking, Housing, and Urban Affairs*, 103d Cong. 66 (1993) (statement of M. Meier, Consumers Union) (statutory damages are necessary to compensate consumers whose harm "may be unquantifiable in monetary terms" and to provide more incentive to the financial industry to comply with the law); *H.R. 1015; the Consumer Reporting Reform Act of 1993: Hearing Before the H. Subcomm. on Consumer Credit and Insurance of the Comm. on Banking, Finance and Urban Affairs*, 103d Cong. 416 & n.28 (1993) (statement of E. Mierzwinski, U.S. Public Interest Research Group) (FCRA should authorize statutory damages because "[t]here is no reason consumers should have a burden of [proving] actual damages against a creditor or credit bureau that violates the law.").

9

*GMAC Mortgage Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("That actual loss is small and hard to quantify is why statutes such as [FCRA] provide for modest [statutory] damages without proof of injury."). Although *Safeco* and *Murray* contain no statutory analysis of section 1681n(a), their assumption that actual injury need not be alleged or proven under that provision is consistent with the most natural reading of the statute.[4]

Thus, because FCRA authorizes the award of statutory damages in the absence of a showing of actual damage, Hammer's claim for statutory damages is redressable.[5]

## CONCLUSION

For the foregoing reasons, the Court should conclude that Hammer has Article III standing.

---

[4] *Doe v. Chao*, 540 U.S. 614, 616 (2004), which held that a plaintiff must prove actual damages to qualify for a minimum statutory award under the Privacy Act, does not suggest otherwise. That act imposes liability for "actual damages sustained by the individual * * *, but in no case shall a person entitled to recovery receive less than * * * $1,000." 5 U.S.C. § 552a(g)(4)(A). The Court noted that another provision confines eligibility for awards to "victims of adverse effects," and it explained that the statutory damages provision "looks back to the immediately preceding provision for recovering actual damages." 540 U.S. at 620. Other Privacy Act provisions and its drafting history also support the Court's ruling. *Id.* at 620-23. By contrast, there is no such linkage between actual and statutory damages in section 1681n(a)(1)(A); indeed, it is written in the disjunctive. See 1A *Sutherland Statutes and Statutory Construction* § 21:14 (7th ed. 2012) ("The use of the disjunctive usually indicates alternatives and requires that those alternatives be treated separately."). And, as explained above, the text and legislative history of section 1681n(a)(1)(A) show that a plaintiff need not prove actual damages in order to obtain an award of statutory damages.

[5] Moreover, when FCRA is construed as Congress intended, to allow the award of statutory damages in the absence of actual damage, the principle of constitutional avoidance is inapplicable.

Appellate Case: 12-3858     Page: 15     Date Filed: 11/22/2013 Entry ID: 4099013

Respectfully submitted,

STUART F. DELERY
  *Assistant Attorney General*

TAMMY DICKINSON
  *United States Attorney*

MICHAEL JAY SINGER
  (202) 514-5432
CHRISTINE N. KOHL
  (202) 514-4027
  *Attorneys*
  *U.S. Department of Justice*
  *Civil Division, Appellate Staff*
  *950 Pennsylvania Avenue NW*
  *Washington, DC  20530*

NOVEMBER 2013

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that this brief complies with the ten-page limit set by the Court's order of November 8, 2013, and was prepared using Microsoft Word 2010, Garamond proportional font, 14-point.

                                                s/ *Christine N. Kohl*
                                                CHRISTINE N. KOHL
                                                Counsel for the United States

# VIRUS-SCAN CERTIFICATE

Pursuant to Cir. R. 28A(h)(2), I certify that this brief has been scanned by the Microsoft Forefront Endpoint Protection 2010 program, version 1.163.326.0 (updated on November 22, 2013), which has indicated that the brief is virus-free.

                                                s/ *Christine N. Kohl*
                                                CHRISTINE N. KOHL
                                                Counsel for the United States

# CERTIFICATE OF SERVICE

I certify that on November 22, 2013, I electronically filed the foregoing "Brief for Intervenor the United States in Response to the Court's Questions Concerning Standing" with the Clerk of the U.S. Court of Appeals for the Eighth Circuit by using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

    s/ *Christine N. Kohl*
CHRISTINE N. KOHL
Counsel for the United States